UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HALDRUP USA CORP. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | CIVIL NO: 1:15-CV-136 |
| ) | |
| KINCAID EQUIPMENT ) | |
| MANUFACTURING, INC. and ) | |
| EMPRISE BANK, ) | |
| ) | |
| Defendants. ) | |

**BRIEF OF PLAINTIFF, HALDRUP USA CORP.,
REGARDING OUTSTANDING DISCOVERY ISSUES
<u>ON PERSONAL JURISDICTION AND VENUE</u>**

Pursuant to this Court's November 2, 2015 Order, plaintiff, Haldrup USA Corp. ("Haldrup"), submits its Brief regarding the outstanding discovery issues on personal jurisdiction and venue. Despite diligent efforts by Haldrup and its counsel, there continue to be disputes with regard to the discovery on the personal jurisdiction and venue issues permitted by this Court. Haldrup asserts that these issues can best be resolved by permitting Haldrup to conduct a deposition of defendant, Kincaid Equipment Manufacturing, Inc. ("Kincaid"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

In addition, Kincaid should be compelled to disclose to Haldrup information concerning sales of Haldrup equipment by Kincaid outside of the State of Indiana. Such evidence is highly relevant to Kincaid's Motion to Transfer Venue. Moreover, as this Court provided Kincaid with the opportunity to conduct discovery on the venue issue despite the limited language of the Court's initial Order, to which Haldrup has fully responded, Haldrup should be permitted the

same opportunity and should be able to discover basic information with respect to all of Kincaid's sales of Haldrup equipment.

## I.  HALDRUP SHOULD BE PERMITTED TO CONDUCT A RULE 30(b)(6) DEPOSITION OF KINCAID

On August 7, 2015, this Court entered its Opinion and Order permitting Haldrup to conduct discovery with respect to the issue of specific personal jurisdiction to determine the exact nature of the Purdue transaction, as well as any other marketing or sale of Haldrup or Inotec agricultural implements by Kincaid in, or directed to, Indiana.  (Doc. 23).  Following a telephone scheduling conference on August 19, 2015, the Court issued an Order permitting Kincaid to conduct discovery as well. (Doc. 25).  The Court did this, at Kincaid's request, and based on Kincaid's argument that venue-related discovery should also be allowed, despite the Order's limitation to jurisdiction related discovery.  While the Court's entry reflects discovery "for the limited purpose of determining personal jurisdiction", Kincaid addressed the discovery it propounded to issues related to Kincaid's Motion to Transfer Venue.  Haldrup responded to that discovery in full.

In Kincaid's Responses to Plaintiff's First Set of Jurisdictional Interrogatories and Request for Production of Documents, served on September 14, 2015, Kincaid raised various objections to the discovery sought by Haldrup in this case. (See attached Exhibit "**A**"). Those objections have been the subject of numerous conferences between counsel for Haldrup and counsel for Kincaid and several telephone conferences with counsel and the Court.  Despite the best efforts of counsel for Haldrup and the Court, the parties have been unable to resolve all of those discovery disputes.  Attached hereto and marked as Exhibit "**B**" are Kincaid's most recent responses to the discovery propounded by Haldrup. (Defendant Kincaid Equipment

Manufacturing, Inc.'s Supplemental Responses to plaintiff's First Set of Jurisdictional Interrogatories and Request for Production of Documents to plaintiff, Haldrup).

Specifically, the outstanding issues with regard to discovery relate to communications surrounding the purchases from Kincaid by Indiana customers of Haldrup products. For example, Kincaid did not provide information relating to the identity of the parties to a telephone call to Kincaid's parts department with respect to the sale of Haldrup parts to ABG Ag Services. Similarly, Kincaid's discovery responses did not disclose the communications between its representatives and representatives of Purdue University which led to the purchases by Purdue of the two Haldrup machines set forth in the discovery responses. While Kincaid does alleges that its representatives met with Shawn Casteel of Purdue at a field day conducted by Kincaid in 2012 in Kelley, Iowa, there is no information given about how this meeting at the field day specifically led to the sale by Kincaid to Purdue of two Haldrup machines, one of which was not even displayed at the field day.

Likewise, there are issues with respect to Kincaid's Answer to Interrogatory No. 3 concerning the relationship between Kincaid and Mike Mossberg of Tech Services, Inc. in Bluffton, Indiana. While Kincaid disclosed that its service technician conducted a demonstration for Mossberg in Indiana, the fact that Mossberg met representatives of Kincaid at a trade show in Chicago, and traveled with Mossberg to see Haldrup's facility in Germany, the precise nature of the communications between Mossberg and Kincaid and how that trip came about has never been fully and accurately disclosed in the discovery responses.

As this Court noted in its Opinion and Order of August 17, 2015, the issue before the Court is whether Kincaid purposely availed itself of the privilege of conducting activities within the forum state. Citing, *Purdue Research Found. v. Sanofi-Sythelabo, S.A.,* 338 F.3d. 773, 780

(7th Cir. 2003). Thus, whether it was Kincaid that solicited the continued contacts with potential Indiana customers is critical to that inquiry.

Information concerning the communications between Kincaid and Indiana customers of Haldrup products could much more easily be gathered in a deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Haldrup anticipates that such a 30(b)(6) deposition would be conducted on the following limited subjects:

1.  All communications between representatives of Kincaid and representatives of Purdue which led to the sales of the Haldrup equipment disclosed in the answer to Interrogatory No. 1, including but not limited to, which party followed up and initiated those transactions following the initial meeting at the field day in Kelley, Iowa in 2012.

2.  All communications between representatives of Kincaid and Mike Mossberg, including but not limited to, who initiated the follow up between Mossberg and Kincaid after the initial meeting, who suggested that Mossberg travel with Kincaid representatives to visit Haldrup's facilities in Germany, and who arranged the travel for Mossberg.

3.  All communications with respect to the purchases of Haldrup products by Indiana customers set forth in Kincaid's Answer to Interrogatory No. 1.

4.  All communications with Rhino Group regarding potential invitees from Indiana for Field Days conducted by Kincaid.

Stated simply, all the wrangling of counsel and the required intervention of the Court could be eliminated should the Court determine that Haldrup is entitled to take a Rule 30(b)(6) deposition of Kincaid on these limited topics. At that point, Haldrup would have the information necessary to respond to the Motion to Dismiss on the issue of personal jurisdiction.

## II.  HALDRUP IS ENTITLED TO DISCOVER LIMITED INFORMATION CONCERNING NON-INDIANA SALES OF HALDRUP EQUIPMENT BY KINCAID

Haldrup does not dispute that this Court's original Order of August 7, 2015, limited Haldrup's right to conduct discovery to issues relating to personal jurisdiction.  However, subsequent to that Order, at the telephonic status conference with the Court, counsel for Kincaid requested and was granted the opportunity to conduct venue-related discovery of Haldrup.  That discovery relates to the issue of Kincaid's Motion to Transfer Venue.  Haldrup should be entitled to conduct similar limited discovery with respect to that issue.  Specifically, Kincaid should be required to respond to Interrogatory No. 1 in its entirety setting forth the information requested in Interrogatory No. 1 for sales made outside of Indiana.  Such evidence is highly relevant to the issues on the Motion to Transfer Venue.

Transfer of venue is governed by 28 U.S.C. § 1404(a) which provides that for the convenience of the parties and witnesses, and the interest of justice, a court may transfer venue in a civil action to any district or division where it might have been brought.  The party moving for transfer must show (1) venue is proper in both the transferor and transferee district; (2) transfer is for the convenience of the parties and witnesses and (3) transfer is in the interest of justice. *Coffey v. Van Dorn Ironworks*, 796 F.2d. 217, 219 (7th Cir. 1986); *Valbruna Stainless, Inc. v. ADT Security Services, Inc.*, 2010 WL 2772324 (N.D. Ind. 2010 *1).

The factor of witness convenience is considered the most important of the transfer factors.  *Robinson Steel Co., Inc. v. Caterpillar, Inc.*, 2011 WL 923415 (N.D. Ind. 2011); *Valbruna Stainless, supra* at *4.  Because party witnesses normally appear voluntarily, their convenience is afforded less weight than that of non-party witnesses.  *Robinson Steel, supra*.

Accordingly, in this case, in determining Kincaid's Motion to Transfer Venue, the most important factor will be the convenience of non-party witnesses.

As this case is based upon the sales of Haldrup products by Kincaid, the quality of those products, and Kincaid representatives' statements concerning those products, representatives of the companies which purchased products from Kincaid will undoubtedly be witnesses in this matter. Haldrup is entitled to discover the identity of those purchasers of its products sold by Kincaid and the location of those purchasers so that it may adequately present its argument with respect to the Motion to Transfer Venue.

For example, if, other than the three purchasers in Indiana identified in Kincaid's Answer to Interrogatory No. 1, all other purchasers of Haldrup's product from Kincaid are located in the State of Kansas, then Kincaid's argument for the transfer of venue to Kansas becomes substantially stronger. However, to the extent that those purchasers are from areas outside of both Indiana and Kansas, Kincaid's request to transfer venue is not nearly as persuasive, as transfer will not serve the convenience of those non-party witnesses.

Stated simply, Haldrup is entitled to discover for purposes of responding to the Motion to Transfer Venue the identity and location of the purchasers of its products sold by Kincaid. Such information should be readily available to Kincaid, and it would not be onerous to require Kincaid to respond to such a request. For that reason, Kincaid should be compelled to answer Interrogatory No. 1, and identify *all* purchasers of Haldrup products, not merely those located in the State of Indiana, for purposes of Haldrup's Response to the Motion to Transfer Venue.[1]

---

[1] It is Haldrup's understanding that there were less than twenty (20) sales of its products by Kincaid. As Kincaid has already disclosed three (3) sales in Indiana, it would not be unduly burdensome for Kincaid to identify the name, location and product sold for the others sales.

### III.  CONCLUSION

For all the foregoing reasons, this Court should order that Haldrup be entitled to take a Rule 30(b)(6) deposition of Kincaid with respect to the issues outlined above, and that Kincaid be compelled to respond to Interrogatory No. 1 in its entirety with respect to sales made by Kincaid of Haldrup products outside the State of Indiana.

Respectfully submitted,

CARSON BOXBERGER LLP


By ____/s/ Larry L. Barnard_____
    J. Blake Hike (28601-02)
    Larry L. Barnard (11904-49)
    Attorneys for Plaintiff

301 W. Jefferson Blvd., Suite 200
Fort Wayne, Indiana  46802
Telephone:  (260) 423-9411

### CERTIFICATE OF SERVICE

This will certify that on this 12th day of November, 2015, a true and complete copy of the above and foregoing document has been electronically served with the Clerk of Court using the CM/ECF system, which will send notice to the following counsel:

>Kathleen Anderson, Esq.
>kathleen.anderson@btlaw.com
>
>Sherry McGrath, Esq.
>Sherry.mcgrath@btlaw.com

___/s/ Larry L. Barnard_____